**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | |
|---|---|
| **JOSEPH E. FULLER,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:21CV00488 |
| ) | |
| v.  ) | **OPINION** |
| ) | |
| **MRS. SCALF, ET AL.,** ) | By James P. Jones |
| ) | |
| Defendants. ) | |
| ) | |

*Joseph E. Fuller, Pro Se Plaintiff; Timothy E. Davis,* Office of the Attorney General of Virginia, *Richmond, Virginia, for Defendants Clarke, Rauize, Robinson, and Zook; and Anthony S. Cottone,* Byrne Canaan Law, *Richmond, Virginia, for Defendants Collins, Mullens, Scharf, and Smith.*

The plaintiff, Jensen Ken Alexander, a Virginia inmate proceeding pro se, has filed this civil rights action under 42 U.S.C. § 1983, alleging that the defendants violated his constitutional rights. After the defendants filed motions to dismiss, Alexander responded with a motion seeking to file an Amended Complaint. The court granted the motion and dismissed the defendants' pending motions without prejudice. The defendants responded with motions seeking dismissal of the Amended Complaint. The court notified Fuller of the defendants' motions on June 23, 2022, granting him twenty-one days to respond. The court's notice warned Fuller that failure to respond to the defendants' argument within the allotted time

would be interpreted as a loss of interest in prosecuting the case and would result in dismissal of the case without prejudice.

A district court has authority to dismiss an action for failure to prosecute, as expressly recognized in Rule 41(b). *Cleveland v. Astrue*, No. 3:11CV678-REP, 2012 WL 4329291, at *2 (E.D. Va. Aug. 23, 2012), *report and recommendation adopted*, No. 3:11CV678-REP, 2012 WL 4329286 (E.D. Va. Sept. 17, 2012) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 629–31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.")). When considering dismissal for failure to prosecute, the court must evaluate "four factors: (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused to the defendant; (3) the presence of any drawn-out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Cleveland*, 2012 WL 4329291, at *2 (citing *Hillig v. Commissioner*, 916 F.2d 171, 174 (4th Cir. 1990)). While dismissal could be with prejudice if these factors weigh in the defendants' favor, Rule 41(b) gives the court discretion to specify that the dismissal is without prejudice. *Payne v. Brake*, 439 F.3d 198, 204 (4th Cir. 2006).

The deadline for Fuller to respond to the defendants' motions has now passed. During that time, Fuller has not filed any responsive pleading addressing the defendants' arguments, nor has he filed a motion requesting additional time to do so. I conclude that while Fuller may be personally responsible for failing to comply with the court's order, despite being warned of impending dismissal without prejudice, there is otherwise no history of his deliberately delaying the case or causing prejudice to defendants. Therefore, I find that dismissal without prejudice is the appropriate sanction.

A separate final order will be entered herewith.

ENTERED: October 3, 2022

/s/ JAMES P. JONES
Senior United States District Judge